```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


GUADALUPE GREGORY,              §
                                §
          Plaintiff,            §
                                §
v.                              §   CIVIL ACTION NO. H-05-3566
                                §
WAL-MART STORES, INC.,          §
                                §
          Defendant.            §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Amended Motion for Summary Judgment of Defendant, Wal-Mart Stores, Inc. (Docket Entry No. 32), to which Plaintiff, Guadalupe Gregory, has filed a Response (Docket Entry No. 33).  Wal-Mart argues that it is entitled to summary judgment because there is no evidence that Wal-Mart employees had actual or constructive knowledge of a dangerous condition, i.e., water on the floor, on its premises before Gregory slipped and fell.  In her response Gregory fails to cite any evidence showing that Wal-Mart had actual knowledge of the presence of the water or how long water had existed in the area of the Wal-Mart Store where she slipped and fell.  Although Gregory argues that a Wal-Mart greeter was working in the area where she slipped and fell, the Texas Supreme Court has held that "evidence that the premises owner's employee was in close proximity to the dangerous condition

right before the plaintiff fell, without more, is [not] legally sufficient to charge the premises owner with constructive notice . . . absent some evidence demonstrating that the condition existed long enough that the premises owner had a reasonable opportunity to discover it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 813 (Tex. 2002). To satisfy this burden the plaintiff must present "some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." Id. at 816.

Gregory testified that she did not notice water in the area either when she entered the store or before she fell. She does not know where the water came from or how long it was there. Because Gregory has failed to raise a genuine issue of material fact that Wal-Mart had actual or constructive knowledge of the alleged hazard, Wal-Mart's Amended Motion for Summary Judgment (Docket Entry No. 32) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 27th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE